## THORN vs. PROVENCE.

1. **PRESUMPTIONS:** *In favor of Circuit Court.*
   Where, on appeal from a justice of the peace, the original papers are lost, and the appellee appeared in the Circuit Court, it will be presumed, in reviewing the action of the court in overruling a motion to dismiss, that the appeal was properly taken; or, if there was any irregularity, that the appellee waived it.

2. ——————: *Same.*
   This cause was transferred to the court below by change of venue from another county, and motion to dismiss because the record showed no petition for the change of venue, filed and overruled: Held, reviewing the action of the court below, that the Circuit Court, being a court of general jurisdiction, its judgments and orders are to be presumed valid unless shown to be erroneous.

APPEAL from *Craighead* Circuit Court.
Hon. DAVID NICHOLLS, Special Judge.
*Rose*, for appellant.
*J. M. Moore*, for appellee.

HARRISON, J. :

This is an appeal from the Craighead Circuit Court.

The suit, which was on a promissory note, was commenced by the appellee before a justice of the peace of Greene County, and tried and determined by the justice on the 4th day of May, 1872. An appeal was taken by the plaintiff to the Circuit Court of said county, and, at the term, 1873, the venue, upon his application, was changed to the Circuit Court of Craighead County. The record having been lost by the destruction of the court house by fire before the copy of the orders in the case had been made out, and transmitted to the Craighead Circuit Court, at the October term, 1873, upon a suggestion of the loss, the order changing the venue, which, from anything that appears to the contrary, was the only order made in the case, was, by consent of parties, re-instated on the record, and a certified copy thereof was filed in the Craighead Circuit Court. In the order, so re-instated, the appearance of the parties is stated. With the copy of the order was also filed a copy of the justice's transcript, which appears to have been filed in the Greene Circuit Court on the 1st day of October, 1873, and, no doubt, as a substitute for the original one.

At the March term, 1875, at the Craighead Circuit Court, the plaintiff was permitted, upon showing the loss of the note, to file a copy in substitution therefor. The defendant then moved to dismiss the appeal because no affidavit and bond had been filed with the justice. The motion was overruled, and he moved to dismiss the case from that court because the record showed no petition for the change of venue. This motion also was overruled, and the cause was then tried by a jury, which returned a verdict for the plaintiff for the sum named.

It appears, from the transcript before us, that the defendant filed a motion for a new trial, but no disposition seems to have been made of it, and it was not, by bill of exceptions, or.in any manner, brought upon the record.

The only questions for our decision are those presented by exceptions reserved by the defendant to the overruling of his motions to dismiss the appeal, and to dismiss the cause from the Craighead Circuit Court.

At the time the appeal in this case was taken, section 828 of the Code was in force, and no affidavit or bond was required to be filed with the justice. As provided by that section, appeals from justices of the peace were taken by producing to the clerk a certified copy of the judgment and amount of costs, and executing before him a bond that the appellant would perform the judgment that should be rendered upon the appeal; upon doing which the clerk issued an order to stay further proceedings, and to transmit to his office the original papers, and the appellee was to be summoned as in suits commenced before the Circuit Court.

As the original papers were not transmitted to the Craighead Circuit Court, having been, most probably, burned in the fire which consumed the court house, and no steps, it seems, had been taken to replace them, we have no means of knowing what was done in taking the appeal, but, inasmuch as the defendant was in court when the order for the change of venue was made, and afterwards consented to the reinstatemement upon the record, we must presume it was regularly taken, or if anything was omitted to be done, the defendant waived it, or the court would not have assumed jurisdiction over the case.

The objection to the jurisdiction of the Craighead Circuit Court, because no petition for the change of venue appeared on file, we think also untenable.

When the order for the change of venue was made, though after the passage of the act of 24th April, 1873, by which they

were repealed, sections 752–757 of the Code, providing for a change of venue in civil cases were still in force—ninety days from the end of the session, at which the repealing statute was passed, not having expired. Constitution 1868, Art. v, sec. 22.

Section 752 of the Code was as follows:

"Any party to a civil action triable by a jury, may obtain an order for a change of venue therein, by motion upon a petition, stating that he verily believes that he cannot obtain a fair and impartial trial in said action in the county in which the same is pending, on account of the undue influence of his adversary, or of the undue prejudice against the petitioner, or, his cause of action or defense in such county. The petition shall be signed by the party, and verified as pleadings are required to be verified, and shall be supported by the affidavit of one or more attorneys of the petitioner, to the effect that affiant believes the statements of the petition are true."

The order changing the venue contains this recital:

"On this day come the parties to this action, and the plaintiff, by leave of the court, files his motion for a change of venue in this cause, properly verified, as required by law."

Although there is in the order no express mention of a petition, yet its language is such, we may infer, that the motion referred to served the double purpose of petition and motion. It manifestly set forth the cause for the change of venue, or how could it have been verified as required by law? Be this, however, as it may, the Circuit Court, being a court of general and not of limited jurisdiction, its judgments and orders are to be presumed valid, unless shown to be erroneous.

The defendant, who was not only in court when the change of venue was ordered, but also at the next term, consented to the re-instatement of the order upon the record, made no effort after the case reached the Craighead Circuit Court to show that the

recital in the order was incorrect, or that no sufficient cause was shown to exist, and in the manner required by the statute for the change of venue. This he might easily have done, if such was the fact, by applying to have the papers that were in the case in the Greene Circuit Court, including the said notice, with its verifications, restored upon the record. Not having done so, there is nothing to show that the case was not transferred in accordance with law, and that the Craighead Circuit Court had not acquired rightful jurisdiction thereof.

The judgment of the court below is affirmed.